

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2171
Re: Whether twenty per cent tax
levied by Article 7047f,
Vernon's Civil Statutes, is
due under various fact situa-
tions.

In your letter of April 4, 1940, you request our
opinion as to whether or not the twenty per cent prize tax
levied by Article 7047f, Vernon's Civil Statutes, is due
under each of three different fact situations, which you
submit to us as follows:

1. The Optimist Club of Wichita Falls, Texas,
is operating a bingo game to raise funds to con-
struct a school building upon public school property
in Wichita Falls. The Optimist Club itself is a
corporation organized for charitable purposes. The
money received as proceeds from such bingo game is
placed in a special bank account and all of it, as we
understand, is to be used in the construction of such
building and no person receives any profit from the under-
taking.

2. The Texas State Bowling Association is an unin-
corporated association of bowlers residing in the State
of Texas. To be a member a person must be male, white
and of good reputation and also must be a member of the
American Bowling Congress, the national parent organiza-
tion. The purpose of the Association is to promote
bowling and to prescribe rules and regulations for the
conduct of its members. The Association owns no pro-
perty whatever and has no interest in any bowling alley

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

826

Hon. George H. Sheppard, page 2

anywhere.  It is not established to make money and
no one receives any proceeds whatsoever from the
holding of this contest except the Secretary who
receives about One hundred Dollars a year for his
clerical work.  The Association has a bowling tour-
nament annually in some Texas City selected by it.
The officers make a contract with some bowling
alley in the selected town for the use of such
alley for the tournament at a certain price per per-
son competing per game.  The bowling alley selected
has nothing to do with the tournament except to
furnish the alleys to the association for use during
the tournament.  No one is eligible to compete except
members of such Association and American Bowling
Congress.  Each person entering the tournament pays
an entry fee which is used as follows:  First, pay-
ment of expenses, including rents on bowling alley,
salary of secretary, and other similar expenses.
Second, the remainder is paid out to contestants as
prizes dependent upon scores bowled by such con-
testants, that is, the contestant who is most skillful
and bowls the highest score gets the larger prize
and, of course, many contestants do not receive any-
thing.  No other person, officer or promoter receives
any money at all from the Association.

3.  A newspaper, the Falls County Record, puts
on a campaign to increase its subscription list.  For
a certain period of time each new subscriber is en-
titled to a given number of votes for some contestant
or candidate.  The contestant receiving the largest
number of votes gets an automobile, or a large cash
award as the first prize.  Second, third, fourth and
fifth prizes also are given to the candidates receiving
the next highest votes in their order.  As a matter of
fact the candidates or contestants will be people
soliciting subscriptions for the paper and receiving
the votes of the subscribers obtained by them.  In
addition to the prizes already mentioned a cash com-
mission of 10 per cent is paid to all active non-
prize winners on subscription collections paid by
them.  It is only theoretically possible for a person
to win one of the prizes without being active in
soliciting and obtaining subscriptions.  Those ob-
taining the most subscriptions are those who will
win the prizes.

Article 7047f, Vernon's Civil Statutes, reads in
part as follows:

Hon. George H. Sheppard, page 3

"(a)  Every person, firm, or corporation con-
ducting a theatre, place of amusement, or any
business enterprise in connection with the operation
of which a prize in the form of money or something
of value is offered or given to one or more patrons
of such theatre, place of amusement, or business
enterprise, and not given to all patrons thereof
paying the same charge for any certain service,
commodity, or entertainment, shall make a verified
report on the twenty-fifth day of each month to the
Comptroller of Public Accounts of the State of Texas,
showing the amount of money so given in prizes, and
the value of all prizes or awards so given in connection
with such business during the next preceding month.

"(b)  There is hereby levied a tax equal to twenty
per cent (20%) of the value of all such money, prizes,
and awards given in connection with the operation of
each and all of the foregoing business enterprises,
and at the time of making the report to the Comptroller
of Public Accounts, the owner or operator of any such
business shall pay to the State Treasurer such tax
upon the total amount of money, prizes, and awards so
given during the next preceding month . . .."

Your question is controlled by our Opinion No.
0-1637 with reference to both the Optimist Club and the
bowling contest sponsored by the Texas State Bowling Asso-
ciation.  In line with the views therein expressed, we hold
that neither of these projects is a business enterprise with-
in the meaning of the taxing statute.

Clearly the prizes given by the Falls County Record
under the plan set forth in the third fact situation would
not be subject to the tax.  By producing the largest number of
subscriptions to the paper the prize winners have lifted them-
selves out of the class of those "paying the same charge."

Your question is given a negative answer throughout.

Yours very truly

APPROVED MAY 14, 1940

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By
Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

GRL:GS